UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Glenn H. Ripa, Esq.
305 Broadway, Suite 900
New York, New York 10007
Tele # 212 732-5310
Attorneys for Plaintiffs

---

LAWRENCE RAY, FELICIA ROSARIO,
TALIA RAY AND ISABELLA POLLOK

        Plaintiffs,

   -against-

NYC OFFICE OF THE SHERIFF AND
DEPUTY SHERIFF BERNARD WAITES,
      AND
NYC POLICE DEPARTMENT AND
SERGEANT RAMOS (32nd Precinct)
      AND
LEE CHEN

        Defendants

CIVIL ACTION
1:17-cv-01586

**Jury Demand**

---

## PLAINTIFFS' AMENDED COMPLAINT

The Plaintiffs, by their attorney, Glenn H. Ripa, for their Complaint, herein allege as follows:

### INTRODUCTION

1. This case is a civil rights action for the unlawful eviction of the Plaintiffs Lawrence Ray, Felicia Rosario, Talia Ray and Isabella Pollok from their Primary residence by Defendant NYC Deputy Sheriff Bernard Waites, the unlawful interference with a Court Order issued by the

Civil Court of the City of New York, County of New York by NYC Police Sergeant Ramos who prevented the Plaintiffs' from secure their property after the eviction as order by the court and the Defendant Landlord Lee Chen, who instructed, aided and abetted the Deputy Sheriff and the Police Sergeant in their unlawful conduct.

## JURSIDICTION AND VENUE

2. This Court has subject matter jurisdiction over this matter pursuant to Title 42 USC 1983

3. Venue in the United States District Court for the Southern District of New York is proper under Title 28 USC 1391 because all of the parties either reside or have their place of business in Manhattan and all of the events giving rise to the claims occurred in Manhattan.

4. During 2015, the Plaintiff, Lawrence Ray was subletting an Apartment located at 300 E 93rd Street, Apt 15E, New York, New York from the Defendant Lee Chen and his brother Michael Chen. Lawrence Ray was residing there with his common law wife, Felicia Rosario, his daughter, Talia Ray and a family friend, Isabella Pollok, who are also Plaintiffs herein.

5. The Defendant, Lee Chen filed a Petition in New York City Civil Court to evict Lawrence Ray and all of his co-tenants.

6. After trial on March 6, 2015, a Judgment of Possession was awarded to Defendant Lee Chen and on March 27, 2015 the Court ordered a Warrant of Eviction.

7. On March 31, 2015, the Appellate Term for the First Department granted a stay of enforcement of the judgment and warrant of eviction pending an Appeal.

8. On October 29, 2015, the Appellate Term, First Department affirmed the judgment awarding possession and the stay was lifted.

9. On November 9, 2015, a five day Notice of Eviction was served on Lawrence Ray by the Defendant, Bernard Waites, a Deputy Sheriff with the NYC Office of Sheriff.

10. On November 13, 2015, the Appellate Division, First Department stayed the warrant of eviction pending decision on a motion to Appeal to the Appellate Division.

11. On November 30, 2015, the Appellate Division denied the motion to appeal and lifted the stay of enforcement on the Judgment.

12. On December 8, 2015, the Defendant Deputy Sheriff Bernard Waites, pursuant to the Notice of Eviction that he previously served on Lawrence Ray on November 9, 2015, gave constructive possession of the Plaintiffs' primary residence to the Defendant Lee Chen.

13. This was an illegal eviction. When a court issues a stay after a Notice of Eviction is served and the stay later expires or is vacated, a new Notice of Eviction must be served. The only exception to this rule is when the court specifically gives the landlord permission to evict the tenant, without serving a new Notice of Eviction. In the instant case, no new Notice of Eviction was served and no court gave permission to evict the tenant without serving a new Notice of Eviction. The defendant, Deputy Sheriff Bernard Waites knowingly failed to serve a new Notice of Eviction and wrongfully and unlawfully relied on the previously served Notice to proceed with the eviction and therefore the eviction and the granting of Constructive Possession to Lee Chen by Deputy Waites was illegal. Deputy Waites violated the Plaintiffs' guaranteed rights under Title 42 Section 1983 in that under color of law of the State of New York Deputy Waites was required to serve the Plaintiffs with a new Notice of Eviction before evicting them but deprived them of that lawful right by evicting them without issuing a new Notice as required by law which caused the damages that the Plaintiffs have suffered as outlined herein and therefore is liable for said injuries.

14. When the Defendant Lee Chen was given constructive possession of the premise by the Defendant Deputy Sheriff

Bernard Waites, Chen was given written instructions that he was precluded from removing any of Lawrence Ray's property and upon demand he would deliver Lawrence Ray's property to him. Lee Chen took possession of the premises after signing an agreement that he would follow these instructions.

15. The Defendant Lee Chen has refused to return the Plaintiff Lawrence Ray's and the Plaintiffs co-tenants' property and he has refused to allow the Lawrence Ray and or any of the co-tenants entry to the premises to take their property. When Lawrence Ray came with the police to secure his property Lee Chen refused to answer the door and would not let anyone in.

16. On December 9, 2015, pursuant to an Order to Show Cause, the Civil Court of the City of New York granted Lawrence Ray the right to supervised access to the apartment on December 10, 2015 to secure his and his co-tenants necessities. The Court further ordered that if Lee Chen again refused to grant Lawrence Ray access to the premise he could have a locksmith secure access to the apartment with the understanding that the locksmith would secure the apartment by replacing the lock and leave a new key for Lee Chen with the doorman. On December 10, 2015, Lawrence Ray accompanied by NYPD Police Officers from the 19th Precinct and a locksmith, gained access to the

apartment by the locksmith, the lock was replaced and a key was left with the building super for Lee Chen. Lawrence Ray took some of his and his family's necessities but he was unlawfully, wrongfully and arbitrarily limited to the property that he and his co-tenants could take by the Defendant NYPD Sergeant Ramos from the 32nd Precinct, who was not one of the original Police Officers that accompanied Lawrence Ray but arrived on the scene at a later time from another precinct accompanied by Lee Chen. Sergeant Ramos not only limited property Lawrence Ray and the other co-tenants could remove from the premise but Officer Ramos made Lawrence Ray and his co-tenants put back some of their property they had already taken to their car in direct violation of a court order issued by the Civil Court of the City of New York County of New York. The property that was prohibited from being removed and the property that Sergeant Ramos demanded to be put back was clearly property of the Plaintiffs including unopened US Mail that was addressed to the Plaintiffs. Lee Chen was advising Sergeant Ramos how to proceed. During his access to the apartment, Lawrence Ray had noticed that approximately $38,000 of cash that he had in the apartment was missing and the closet where the money was secured had been broken into.

17. On December 11, 2015, the Civil Court of the City of New York conceded that proper notice of eviction was not given but that held that improper notice is insufficient grounds to set aside the eviction. Therefore the Court denied the motion to set aside the eviction and the court refused to issue any further orders regarding the removal of Lawrence Ray's and his family's belongings. The Court held that Lawrence Ray would have to pursue any conversion claims in a plenary action.

18. The Defendant Lee Chen continues to refuse Lawrence Ray's and his family's requests to allow them to take their property and refuses to grant them access to the apartment to secure any of their belongings. Furthermore, Lee Chen has denied that he stole the $38,000 in currency that was left in the apartment and alleges that the closet was broken before he entered the apartment.

19. Lawrence Ray was living in this apartment with his common law wife, his daughter and a family friend and all of their worldly possessions were in the apartment at the time Lee Chen was granted constructive possession. Lawrence Ray, his family and friend have more than $400,000 worth of property being unlawfully withheld by Lee Chen. All of their clothing and daily necessities were in the apartment, at the time Lee Chen took constructive possession and he

continues to refuse to release any of these possessions. Lawrence Ray's common law wife is a physician and some of her patient's files and all of her medical books and records were left in the apartment. The actions of Deputy Sheriff Bernard Waites in evicting the Plaintiffs without proper notice and his refusal to rectify the situation after he learned that Lee Chen refused to return the Plaintiffs' property and the actions of Sergeant Ramos in interfering with the enforcement of a lawful court order allowing the Plaintiffs is secure their unlawfully withheld property are unconscionable.

20. Lee Chen has wrongfully stolen approximately $38,000 of the claimants' money and has wrongfully detained and refused to return over $400,000 of the Claimants' property. Lee Chen's interference with the plaintiffs' right of possession of their property is unlawful conversion and the Plaintiffs have been damaged in amount of approximately $438,000. Some of the property in question is irreplaceable family heirlooms, memorabilia, photographs and patients files. Based upon the above facts, Lee Chen has unlawfully converted over $438,000 of the Plaintiffs property causing the Plaintiffs over $438,000 in damages.

21. The Defendant Deputy Sheriff Bernard Waites illegally evicted Lawrence Ray and his co-tenants and illegally gave

Lee Chen Constructive Possession of the apartment. Deputy Waites' actions were illegal because he failed to give proper notice of the eviction. If Lawrence Ray was given the appropriate 5 days notice of eviction, he would have been able to move his and the co-tenants' property from the apartment and this unlawful conversion by Lee Chen would have never taken place. On or about December 8, 2015, Bernard Waites was advised by the Plaintiff Lawrence Ray and his counsel, Glenn H. Ripa that his eviction was unlawful. Mr Ray and Mr Ripa also spoke to Deputy Waites' supervisor, Lieutenant Lopez who confirmed that the notice of eviction was in fact improper. Deputy Waites was aware of Lee Chen's refusal to allow Lawrence Ray to take possession of his property but advised the Plaintiff there was nothing he could do about it after the fact.

22. Based upon the illegal eviction and the illegal granting of Constructive Possession of the apartment and its contents to Defendant Lee Chen, the NYC Office of the Sheriff and Deputy Sheriff Waites caused the Plaintiffs' property to be the subject of an unlawfully conversion. Even after Deputy Waites and his superior were advised of the unlawful conversion, they failed to mitigate the damages, by take appropriate action to secure the return of the Plaintiffs' property. The NYC Police Department and

Police Officer Ramos also caused some of the plaintiffs' property to be the subject of unlawful conversion by not allowing the plaintiffs to take their property and causing the plaintiffs to return some of their property during the plaintiff's court ordered access to the apartment. On or about January 6, 2016 a Notice of Claim was filed with Corporation Counsel for the City of New York.

### FIRST CAUSE OF ACTION

23. The Defendants, NYC Office of the Sheriff and Deputy Sheriff Bernard Waites, under the color of law, knowingly and wrongfully subjected the Plaintiffs, all citizens of the United States, to the deprivation of their legal rights secured by the United States Constitution and the Laws of the State of New York by willfully and knowingly subjecting them to an illegal eviction and by willfully and knowingly failing to rectify this wrong after protests by the Plaintiff and thereby the Defendant Deputy Sheriff Bernard Waites and the NYC Office of the Sheriff are liable for the damages their unlawful acts caused the Plaintiffs in the amount of $438,000. The Plaintiffs, who are all citizens of the United States, are guaranteed under the Fifth Amendment of the U.S. Constitution that they shall not be deprived of life, liberty or property without due process of law and

are guaranteed under the Fourth Amendment to be secure in their persons, houses and effects against unreasonable searches and seizures. Deputy Waites violated the Plaintiffs' guaranteed constitutional rights under Title 42 Section 1983 in that under color of law of the State of New York Deputy Waites deprived the Plaintiffs of their property without due process of law and unlawfully seized their home and effects. Deputy Waites was required by law to serve the Plaintiffs with a new Notice of Eviction before evicting them but deprived them of that lawful right by evicting them without issuing a new Notice as required by law which caused the damages that the Plaintiffs have suffered as outlined herein and therefore is liable for said injuries.

### SECOND CAUSE OF ACTION

24. The Defendants, the New York City Police Department and New York City Police Department Sergeant Ramos of the 32nd Precinct, under the color of law, knowingly and wrongfully subjected the Plaintiffs, all citizen of the United States, to the deprivation of their legal rights secured by the United States Constitution and the Laws of the State of New York by willfully and knowingly depriving the Plaintiffs of exercising their rights to enforce a

Court Order issued by the Civil Court of the City of New York County of New York allowing them to remove their personal property from their primary residence and thereby the Defendants, New York City Police Department Sergeant Ramos of the 32nd Precinct and the NYC Police Department are liable for the damages their unlawful acts caused the Plaintiffs in the amount of $438,000. The Plaintiffs, who are all citizens of the United States, are guaranteed under the Fifth Amendment of the U.S. Constitution that they shall not be deprived of life, liberty or property without due process of law. Sergeant Ramos violated the Plaintiffs' guaranteed constitutional rights under Title 42 Section 1983 in that under color of law of the State of New York Sergeant Ramos deprived the Plaintiffs of their property without due process of law by willfully and knowingly depriving the Plaintiffs of exercising their rights to enforce a Court Order issued by the Civil Court of the City of New York County of New York allowing them to remove their personal property from their primary residence which caused the damages that the Plaintiffs have suffered as outlined herein and therefore is liable for said injuries.

## THIRD CAUSE OF ACTION

25. The Defendant, Lee Chen, under the color of law, knowingly and wrongfully subjected the Plaintiffs, all citizen of the United States, to the deprivation of their legal rights secured by the United States Constitution and the Laws of the State of New York by knowingly and wrongfully requesting Deputy Sheriff Bernard Waites to subject the Plaintiffs to an illegal eviction and by requesting Deputy Sheriff Bernard Waites not to rectify this unlawful eviction after protests by the Plaintiff were raised and thereby the Defendant Lee Chen is liable for the damages his unlawful acts caused the Plaintiffs in the amount of $438,000.

## FOURTH CAUSE OF ACTION

26. The Defendant, Lee Chen, under the color of law, knowingly and wrongfully subjected the Plaintiffs, all citizen of the United States, to the deprivation of their legal rights secured by the United States Constitution and the Laws of the State of New York by knowingly and wrongfully requesting New York City Police Department Sergeant Ramos of the 32nd Precinct to deprive the Plaintiffs of exercising their rights to enforce a Court Order issued by the Civil Court of the City of New York County of New York allowing them to remove their personal

property from their evicted residence and thereby the Defendant Lee Chen is liable for the damages his unlawful acts caused the Plaintiffs in the amount of $438,000.

WHEREFORE, Plaintiffs demand a judgment against the City of New York, the NYC Office of the Sheriff, Deputy Sheriff Bernard Waites, the NYC Police Department, Sergeant Ramos and Lee Chen in the amount of $438,000 caused by their unlawful action that caused the unlawful conversion of the Plaintiff's property and punitive damages in an amount to be determined by the court based upon their willful and unlawful conduct.

Dated: June 9, 2017
    New York, New York

*Glenn H. Ripa*

Glenn H. Ripa, Esq. (2555)
305 Broadway, Suite 900
New York, New York 10007
Tele # (212) 732-5310
Fax # (212) 406-2908
Email:GHRIPAESQ@aol.com
Attorney for Plaintiffs