UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Lawrence Ray, *et al.*,

        Plaintiffs,

–v–

New York City Office of the Sheriff, *et al.*,

        Defendants.

17-CV-1586 (AJN)

MEMORANDUM
OPINION & ORDER

ALISON J. NATHAN, District Judge:

Plaintiffs Lawrence Ray, Felicia Rosario, Talia Ray, and Isabella Pollok (hereafter, "Plaintiffs") filed a complaint based on events surrounding their eviction from Defendant Lee Chen's apartment.

Defendants New York City Office of the Sheriff ("Sheriffs"), Deputy Sheriff Bernard Waites ("Waites"), the New York City Police Department ("NYPD"), and Sergeant Ramos ("Ramos") (collectively, "City Defendants"), move to dismiss Plaintiffs' Amended Complaint under Federal Rule of Civil Procedure 12(b)(6).

For the following reasons, the Court GRANTS the City Defendants' motion.

## I. Background

On March 3, 2017, Plaintiffs filed their original complaint. Dkt. No. 1. After the City Defendants filed their first motion to dismiss on May 17, 2017, Dkt. Nos. 16-18, the Court gave Plaintiffs the chance to amend to "cure any defects that have been made apparent by the Defendants' briefing." Dkt. No. 19. In response, Plaintiffs did amend, filing the operative First Amended Complaint ("FAC") on June 9, 2017. The City Defendants then filed the motion to dismiss presently before the Court on July 27, 2017. Dkt. No. 29-31. Defendant Chen,

1

proceeding *pro se*, chose instead to answer the FAC, also asserting various affirmative defenses and sixteen counterclaims. *See* Dkt. No. 36.

At its core, the action centers on the allegedly unlawful eviction of Plaintiffs from their apartment. According to the FAC, Plaintiff Lawrence Ray was subletting an apartment on East 93rd Street in Manhattan in 2015 from Defendant Lee Chen and his brother Michael Chen. FAC ¶ 4. Ray resided there with his co-Plaintiffs – his common law wife, Felicia Rosario, his daughter, Talia Ray, and a family friend, Isabella Pollok. *Id.* Chen filed a petition in New York City Civil Court to evict Ray and his co-tenants, and on March 27, 2015, the court ordered a warrant of eviction. FAC ¶¶ 5-6. On March 31, 2015, the Appellate Term for the First Department granted a stay of enforcement of the judgment and warrant pending appeal, but ultimately affirmed the judgment on October 29, 2015. FAC ¶¶ 7-8. On November 9, 2015, a five-day notice of eviction was served on Ray by Waites, but then the Appellate Division, First Department stayed the warrant of eviction pending a decision on Ray's motion to appeal. FAC ¶¶ 9-10. On November 30, 2015, the Appellate Division denied the motion to appeal and lifted the stay. FAC ¶ 11. As a result, on December 8, 2015, Waites, pursuant to the original notice of eviction served on November 9, gave constructive possession of the residence to Chen. FAC ¶ 12.

According to Plaintiffs, Waites gave Chen written instructions that he was precluded from removing any of Plaintiffs' property and would have to deliver Plaintiffs' property upon demand, and Chen took possession after signing an agreement that he would follow those instructions. FAC ¶ 14. Nonetheless, Chen allegedly refused to return Plaintiffs' property and refused to allow Plaintiffs entry to the premises to collect their property, even when Plaintiff Ray showed up with the police. FAC ¶ 15. On December 9, 2015, the Civil Court granted Ray the right to supervised access to secure Plaintiffs' necessities, allowing Plaintiffs to use a locksmith to replace the lock and leave a key for Chen if Chen were to refuse access once more. FAC ¶ 16. The next day, when Plaintiffs were in the process of doing exactly that, Chen showed up with Sergeant Ramos who limited the property Plainitffs could remove and further ordered Plaintiffs to put back some of the property they had already taken to their car. *Id.* While in the apartment,

2

Ray claims he noticed that approximately $38,000 of cash that he had in the apartment was missing, and the closet where the money was secured had been broken into. *Id.*

On December 11, 2015, the Civil Court concluded that the alleged illegality of failing to serve an additional notice of eviction was insufficient grounds to set aside the eviction, denied a motion to set aside the eviction and refused to issue any further orders regarding the removal of belongings. FAC ¶ 17; Declaration of Robert L. Martin, Dkt. No. 30, Ex. F.[1]

Based on these allegations, Plaintiffs plead four causes of action. First, Plaintiffs assert a violation of 42 U.S.C. § 1983 against the Sheriffs and Waites for violating Plaintiffs' right to due process under the Fifth Amendment and right to be secure against unreasonable searches and seizures under the Fourth Amendment. FAC ¶ 23. Second, Plaintiffs assert another violation of § 1983, claiming that the NYPD and Ramos violated their Fifth Amendment rights by depriving them of the right to enforce the order of the Civil Court. FAC ¶ 24. Plaintiffs also plead two claims for damages against Chen. FAC ¶¶ 25-26.

## II. Discussion

### A. Legal Standard

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The "plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* If a complaint "pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

---

[1] All citations to exhibits are referencing the Declaration of Robert L. Martin unless otherwise specified.

3

A court evaluating a motion under Rule 12(b)(6) must "accept all allegations in the complaint as true and draw all inferences in the non-moving party's favor." *LaFaro v. N.Y. Cardiothoracic Grp., PLLC*, 570 F.3d 471, 475 (2d Cir. 2009) (internal quotation marks omitted). The Court is not, however, "bound to accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The Court may "consider any written instrument attached to the complaint, statements or documents incorporated into the complaint by reference…and documents possessed by or known to the plaintiff and upon which [he] relied in bringing the suit." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007).

### B. The Amended Complaint Fails to State a Cognizable Claim under Section 1983

To successfully state a claim under 42 U.S.C. § 1983, a plaintiff must allege a denial of a constitutional or federal statutory right, and that this deprivation occurred under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). The Court considers the arguments for dismissal in turn.

#### 1. Plaintiffs Cannot Establish that the Sheriff's Office or Waites Violated the Fourth Amendment

The Fourth Amendment protects against unreasonable searches and seizures. *Ashcroft v. Al-Kidd*, 563 U.S. 731, 735-36 (2011). City Defendants argue that Plaintiffs fail to properly allege any deprivation of their Fourth Amendment rights either because there was no search or seizure by the Sheriffs or by Waites, or, alternatively, because even if there was a seizure, it was reasonable. City Defendants' Memorandum of Law in Support of their Motion to Dismiss the Amended Complaint ("Mem."), Dkt. No. 31, at 6-8.

As the Amended Complaint states, Waites gave "constructive possession" of the apartment to Chen pursuant to a validly issued warrant of eviction. FAC ¶ 12; Ex. C. The constructive possession document states that the Sheriffs and Waites delivered the property to Chen pursuant to the court order "without removing any contents." Ex. E. The document, which Chen signed, further states "LEE CHEN agrees to deliver to LAWRENCE RAY, upon their

demand, any such contents to which they are entitled." *Id.* Consequently, and because the Amended Complaint does not allege that the Sheriffs or Waites removed any of Plaintiffs' belongings from the apartment, City Defendants assert that there was no "seizure," or that the seizure was reasonable. Mem. at 7-8.

Plaintiffs do not address this argument specifically, and, confusingly, the only mention of the Fourth Amendment in their opposition brief comes in a section about the NYPD and Ramos, not about the Sheriffs and Waites. Nonetheless, Plaintiffs' only argument is that because the Sheriffs and Waites unlawfully relied on the previously served notice of eviction, the subsequent eviction and granting of constructive possession to Chen was an unreasonable seizure.

In *Soldal v. Cook County*, the Supreme Court defined the scope of the Fourth Amendment's protections in evictions involving sheriff's offices. *See* 506 U.S. 56 (1992). In evaluating Soldal's claim, the Supreme Court reiterated that such conduct is judged by a reasonableness standard. *Id.* at 71. But the Court cautioned that if "the officers were acting pursuant to a court order…a showing of unreasonableness on these facts would be a laborious task indeed." *Id.*

Here, Plaintiffs' argument – that following the expiration or vacation of a stay they were owed a new notice of eviction – is better considered as a Due Process argument. The Sheriffs and Waites were executing a valid court order of eviction, and Plaintiffs offer no support in the law for their contention that this failure of notice caused an unreasonable seizure. Tellingly, in *Soldal*, the Supreme Court found facts sufficient to make out a § 1983 claim where the sheriffs *knew* there was no court order and yet stood by as the owners of a trailer park used excessive force to remove Soldal's trailer, badly damaging it in the process. *Id.* at 58-60. Given the marked contrast in facts here, Plaintiffs have not plausibly alleged that the Sheriffs and Waites, acting pursuant to a valid court order, executed an unreasonable seizure.

## 2. Plaintiffs Cannot Establish that the Sheriff's Office or Waites Violated the Fifth Amendment

Plaintiffs also attempt to state a 1983 claim against the Sheriffs and Waites based on a violation of their Fifth Amendment rights of due process. FAC ¶ 23. The Fifth Amendment regulates due process violations by federal, not state or municipal, actors. *See Dusenbery v. United States*, 534 U.S. 161, 167 (2002). Because Plaintiffs allege violations by municipal actors, the Fourteenth Amendment applies to these claims instead. *Id.*

Assuming *arguendo* that Plaintiffs have a valid property or liberty interest to which their right to due process protections attaches, they have still failed to state a valid claim. Plaintiffs fail to offer *any* legal support for their proposition that the mere failure to serve a new notice of eviction upon the vacation of the stay constitutes a constitutional violation. Under New York law, tenants "are protected by multiple notice provisions and by the continuing jurisdiction of the Civil Court over the landlord/tenant disputes." *Matter of Brusco v. Braun*, 84 N.Y.2d 674, 681-82 (1994). Here, the Civil Court ordered a warrant of eviction on March 27, 2015, Plaintiffs were granted a stay of enforcement pending appeal, Plaintiffs were given a five-day notice of eviction on November 9, 2015, and the Appellate Division again stayed the warrant of eviction pending Plaintiffs' appeal. FAC ¶¶ 5-10. When the Appellate Division finally denied Plaintiffs' motion to appeal and lifted the stay on November 30, 2015, more than a week passed before Chen was granted constructive possession of the apartment. *Id.* ¶¶ 11-12.

Still, the process afforded Plaintiffs did not end there. The day after constructive possession was granted to Chen, Plaintiffs moved by Order to Show Cause in the Civil Court seeking an order granting immediate access to the apartment and invalidating the eviction due to improper notice. *See* Ex. F. The Civil Court signed Plaintiffs' order, and gave Ray access to the apartment to secure property they needed, such as prescription medication. *Id.* It was only on December 11, 2015, after the Civil Court denied the other relief in Plaintiffs' motion, that the legal process came to its end. *See id.* The Civil Court acknowledged that Plaintiffs "already had six hours of unsupervised access during which belongings were removed subsequent to the

6

eviction." *Id.* Moreover, Plaintiffs' claims of property deprivation may still be litigated in the state courts by bringing an action for conversion. *See Fredricks v. City of New York*, No. 12-CV-3734 (AT), 2014 WL 3875181, at *8 (S.D.N.Y. July 23, 2014) ("Where loss of property was random and unauthorized, courts have found that New York provides an adequate postdeprivation remedy in the form of state law causes of action for negligence, replevin, or conversion." (citation omitted)). Indeed, Plaintiffs' action against Chen for "unlawful conversion" was pending before the State Supreme Court as of the date this motion was filed. *See* Mem. at 11, n.5.

Based on this factual history, the City Defendants persuasively argue that Plaintiffs had sufficient process both before and after the alleged deprivation of their property interest. The Second Circuit has held that notice and the opportunity to be heard prior to deprivation, "coupled with" a "post-deprivation remedy" under state law, "is enough to satisfy due process." *Harris v. Mills*, 572 F.3d 66, 76 (2d Cir. 2009). Plaintiffs offer no authority for their contention that the improper notice of eviction in December 2015 constitutes a due process violation under the Fourteenth Amendment, and based on the history of the case and the number of pre- and post-deprivation remedies available to Plaintiffs, the Court cannot find that Plaintiffs plausibly state a § 1983 claim here.

### 3. Plaintiffs Cannot Establish that the NYPD or Ramos Violated the Fifth Amendment

Plaintiffs' Amended Complaint alleges Fifth Amendment due process violations against the NYPD and Sergeant Ramos. FAC ¶ 24. As stated above, these claims of violations by municipal actors are better considered under the Fourteenth Amendment. *See supra* Part II.B.2. Either way, Plaintiffs' one legal citation in support of this cause of action is to a *Fourth* Amendment case and is inapposite. Memorandum of Law in Opposition to Motion to Dismiss ("Opp."), Dkt. No. 35, at 6 (citing *Bridgeforth v. Bronson*, 584 F. Supp. 2d 108 (D.D.C. 2008)). Upon considering whether Plaintiffs' validly state a claim for a § 1983 violation of their

Fourteenth Amendment rights against the NYPD and Ramos, the Court concludes that Plaintiffs fail to do so.

Plaintiffs' claim against Ramos and the NYPD focuses on their contention that Ramos unlawfully prohibited them from removing certain property from the apartment on December 10, 2015, "in direct violation of a court order." Opp. at 6. City Defendants claim that the court order only allowed Plaintiffs to remove their medications. *See* Mem. at 12-13; Reply Memorandum of Law, Dkt. No. 37, at 6 (citing Ex. F). The Court does not read the order so narrowly, as, in another place, the order states that Ray may "enter the premise to secure property he needs immediately including *but not limited to* his prescription medication and the prescription medication of his common law wife and family friend." *See* Ex. F at 2 (emphasis added). However, the order was limited to immediate needs, and the Amended Complaint, by failing to specify what property Sergeant Ramos prohibited them from removing or forced them to put back, and whether those items were needed immediately, does not adequately state a claim that Ramos acted in contravention of the court order. *See Twombly*, 550 U.S. at 557 (if pleaded facts are "merely consistent with" liability, it "stops short of the line between possibility and plausibility of entitlement to relief"). Plaintiffs cannot demonstrate a "legitimate claim of entitlement" to those items, and so do not adequately plead any deprivation of their property interest. *Bd. of Regents of State Colls. v. Roth*, 408 U.S. 564, 576 (1972).

Nonetheless, even assuming *arguendo* that Ramos's actions in blocking Plaintiffs from removing other unspecified property constituted a deprivation of their property interest, for the same reasons as were stated above, Plaintiffs fail to establish that the procedures afforded them after this alleged deprivation were inadequate. Plaintiffs were heard the very next morning, and the court concluded that it would not issue "any further orders regarding the removal of belongings from the subject premises." Ex. F.

### 4. The Court Need Not Reach Arguments about the City of New York

City Defendants also argue that the NYPD and Sheriffs are non-suable entities, that Plaintiffs should have named the City of New York instead, and that even if the Amended Complaint had properly named the City of New York, it fails to state a claim for municipal liability. Mem. at 14-15. Because the Court dismisses all of the claims against the City Defendants, and because there is no reason to believe the Amended Complaint even attempts to make a municipal liability claim, the Court declines to address these additional arguments.

## III. Conclusion

For the foregoing reasons, the Court GRANTS the City Defendants' motion to dismiss and dismisses Plaintiffs' first and second causes of action. Plaintiff's third and fourth causes of action, which are stated against Defendant Chen only, remain. The Court will schedule an initial pre-trial conference by separate Order.

This Order resolves Dkt. No. 29.

SO ORDERED.

Dated: March __, 2018
New York, New York

_____
ALISON J. NATHAN
United States District Judge