UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



Lawrence Ray, *et al.*,

        Plaintiffs,

–v–

New York City Office of the Sheriff, *et al.*,

        Defendants.

17-CV-1586 (AJN)

ORDER

ALISON J. NATHAN, District Judge:

    This action arises out of events surrounding Plaintiffs' allegedly unlawful eviction from Defendant Lee Chen's apartment. Plaintiffs' First Amended Complaint alleged violations of 42 U.S.C. § 1983 against the New York City Office of the Sheriff, Deputy Sheriff Bernard Waites, the New York City Police Department, and Sergeant Ramos (collectively, "City Defendants") and Defendant Lee Chen arising out of their eviction. Dkt. No. 21. On March 27, 2018, this Court granted the City Defendants' motion to dismiss this action. Dkt. No. 41. On October 3, 2018, Defendant Lee Chen made a motion to dismiss "orally on the record" during an Initial Case Management Conference held before Magistrate Judge Parker. *See* Dkt. No. 60.

    Now before the Court is Judge Parker's October 9, 2018 Report and Recommendation ("R&R") recommending that the Court grant Defendant Lee Chen's motion to dismiss this action and decline to exercise supplemental jurisdiction over Defendant Chen's counterclaims. Under 28 U.S.C. § 636(b)(1), Plaintiffs had until October 23, 2019 to file any objections to Judge Parker's R&R. When a magistrate judge issues findings or recommendations, the district court "may accept, reject, or modify" such recommendations "in whole or in part." 28 U.S.C. § 636(b)(1)(C). When no party has filed objections to the magistrate's R&R, as in this case, the

Court reviews it only for clear error. *See Gomez v. Brown*, 655 F. Supp. 2d 332, 341 (S.D.N.Y. 2009). A decision is clearly erroneous under this standard "when the reviewing Court is left with the definite and firm conviction that a mistake has been committed." *Khan v. McElroy*, No. 13-CV-5043 (AJN), 2015 WL 3526973, at *1 (S.D.N.Y. June 4, 2015).

Here, Plaintiffs have filed no objections to the R&R. The Court has thus reviewed the R&R for clear error and finds none. The Court therefore adopts the R&R in its entirety and GRANTS Defendant Chen's motion.[1] The Court further accepts Judge Parker's recommendation and DECLINES to exercise supplemental jurisdiction over Defendant Chen's counterclaims. Accordingly, the Clerk of Court is respectfully requested to enter judgment in favor of Defendants and to close this action.

Chambers will mail a copy of this Order to the *pro se* litigant and note its mailing on the public docket.

SO ORDERED.

Dated: July 10, 2019
New York, New York

_____
ALISON J. NATHAN
United States District Judge

---

[1] According to Judge Parker's R&R, the motion was a motion to dismiss the First Amended Complaint for failure to state a claim pursuant to Rule 12(b)(6). However, a responsive pleading has already been filed in this action. *See* Dkt. No. 36. In such circumstances, courts ordinarily treat a motion for failure to state a claim as a motion for judgment on the pleadings pursuant to Rule 12(c). *Patel v. Contemporary Classics of Beverly Hills*, 259 F.3d 123, 126 (2d Cir. 2001). Regardless of whether Defendant Chen's motion is so construed, because the same standard applies to either a Rule 12(b)(6) motion or a Rule 12(c) motion, *see id.*, the Court sees no clear error in Magistrate Judge Parker's reasoning.

2